IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAMARIS GOSS, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: _____ |
| | : | |
| v. | : | |
| | : | |
| GENERAL MILLS OPERATIONS, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. To preserve all rights related to his discrimination and FMLA claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action arising

under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## PARTIES

4.

Plaintiff is a Black male and a former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia, until he was terminated around March 2023.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

7.

General Mills is a covered employer under § 1981 and the FMLA.

## STATEMENT OF FACTS

8.

Around June 2018, Goss began work for General Mills at the Covington location.

9.

Although Goss once considered Jim Alexander a friend, Alexander became hostile and difficult to work with after being promoted to TTL around 2019.

10.

As soon as he became TTL, Alexander targeted a Hispanic employee and caused him to quit.

11.

Goss mentioned to another employee that his legs hurt from the incline on C-Side.

12.

Not long after Goss told the other employee about his legs hurting, he was asked to go to C-Side permanently in early 2023.

13.

When Goss was asked to go to C-Side, he mentioned pins in his legs and how the incline on C-Side caused him pain.

14.

On March 7, 2023, HR Manager Chris Morrison told Goss that he was required to be physically able to run the entire system, which is not safe (and could quite possibly result in an OSHA violation).

15.

White employees are not required to run an entire system on their own.

16.

At the time Goss was told he needed to go to C-Side, there was a white employee working on C-Side who was not doing his job and a Black employee who was already expected to run the system entirely on his own.

17.

Morrison told Goss that he needed to "prove the disability" to Sedgwick.

18.

Goss was sent home and required to use his remaining vacation time.

19.

Sedgwick contacted Goss about a short-term disability claim, which he did not want to initiate.

20.

Within ten days of being sent home, Goss was no longer receiving wages from General Mills.

21.

Goss was terminated with FMLA leave time remaining.

## COUNT ONE

### Family and Medical Leave Act:  Interference

22.

Defendant's termination of Goss interfered with his ability to exercise his FMLA rights.

23.

Goss was entitled to the FMLA benefits that his termination denied him of.

24.

As a result of Defendant's interference with Goss's FMLA rights, he is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT TWO

### Family and Medical Leave Act:  Retaliation

25.

Due to Defendant's actions, Goss was not permitted to work as a result of a disability and, therefore, needed FMLA protection to avoid termination to the extent Defendant refused to allow him to work beyond twelve weeks.

26.

Goss' need for FMLA protection constitutes protected activity under the FMLA.

27.

Defendant's termination of Goss was motivated by and causally related to impermissible retaliatory or discriminatory animus.

28.

As a result of Defendant's retaliatory conduct against Goss for exercising FMLA rights, he is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT THREE

### 42 U.S.C. § 1981:  Race Discrimination

29.

Goss, who is a member of a racial minority (Black/African American), had an employment contract with Defendant.

30.

Goss was terminated for feeling pain while working even though he had no work restrictions.

31.

Defendant engages in a pattern and practice of terminating Black employees if they mention having pain while working or "not being 100%"; white employees are not terminated for mentioning having pain at work.

32.

Defendant engages in a pattern and practice of refusing light duty positions or accommodations for disabilities to Black employees; white employees are given light duty positions and accommodations for work injuries and non-work injuries.

33.

Defendant intended to and did discriminate against Goss on the basis of race.

34.

Defendant interfered with Goss's employment and took adverse employment actions against him that caused financial and other harm.

35.

Defendant's proffered legitimate, non-discriminatory reason for the adverse employment action was pretext for discrimination.

36.

Goss's race was a but-for cause of the adverse employment action taken against him. In other words, Goss was terminated for feeling pain at work and was not given the benefit of his remaining FMLA leave time because of his race.

37.

Defendant's discriminatory adverse employment actions against Goss interfered with his ability to enjoy the benefits, privileges, terms, and conditions of his contractual employment relationship.

38.

Goss is entitled to damages due to Defendant's violation of 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Goss demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendant's actions violated Goss's § 1981 and FMLA rights;

(b) Full back pay from the date of the adverse employment action taking into account all raises to which Goss would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Reinstatement or front pay to compensate Goss for lost future wages, benefits, and pension;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Goss's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Liquidated or double damages for Defendant's willful violation of the FMLA;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Goss and deter Defendant from similar conduct in the future;

(g) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(h) Judgment against Defendant for damages incurred by Goss;

(i) Judgment against Defendant in an amount to fully and adequately compensate Goss;

(j) An award of pre-judgment and post-judgment interest;

(k) A trial by jury on all issues triable to a jury; and

(l) Other and further legal and equitable relief as the Court deems just.

Respectfully submitted this 29th day of December 2024.

          By:    /s/ Douglas H. Dean
                   Georgia Bar No. 130988
                   Attorney for Plaintiff
                   Dean Thaxton, LLC
                   601 E. 14th Avenue (31015)
                   Post Office Box 5005
                   Cordele, Georgia 31010
                   T: (229) 271-9323
                   F: (229) 271-9324
                   E: *doug@deanthaxton.law*

          By:    /s/ Linda G. Carpenter
                   Georgia Bar No. 111285
                   Attorney for Plaintiff
                   The Brosnahan Law Firm
                   31 Lenox Pointe, NE
                   Atlanta, GA 30324
                   T: (404) 853-8964
                   F: (678) 904-6391
                   E: *lgc@brosnahan-law.com*